**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RONALD MOSS,

        Plaintiff,

    v.

XTREME SOLUTIONS, INC.,

        Defendant.

Civil Action No. 23-2031 (CKK)

**MEMORANDUM OPINION**
(July 15, 2024)

Plaintiff Ronald Moss, proceeding *pro se*, filed suit against Defendant Xtreme Solutions, Inc. alleging employment discrimination. Presently before the Court is Defendant's [7] Motion to Vacate Default. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Court finds the entry of default against Defendant should be vacated and therefore **GRANTS** Defendant's [7] Motion.

## I. BACKGROUND

Plaintiff Ronald Moss, who is proceeding in this matter *pro se*, filed a [1] Complaint against Xtreme Solutions, Inc. on June 26, 2023. He then submitted a [2] filing, titled Return of Service / Affidavit, on September 26, 2023, which indicated that Defendant had been served on July 25, 2023. Upon receipt of this filing, the Court then instructed Plaintiff to either file for default or take other appropriate action to prosecute his claims. *See* [3] Order. As a result, Plaintiff filed a [5] Affidavit for Default on November 6, 2023, and the Clerk of Court entered [6] Default against Defendant two days later.

On November 27, 2023, Defendant filed the now-pending [7] Motion to Vacate Default. The Court ordered Plaintiff to respond to Defendant's Motion. *See* Minute Order, Dec. 13, 2023.

Plaintiff filed another [10] Affidavit for Default.  The Court again ordered Plaintiff to respond to Defendant's Motion.  *See* Minute Order, Feb. 23, 2024.  Plaintiff filed a [11] Motion for Extension of Time, which the Court granted, *see* Minute Order, Mar. 11, 2024.  The Clerk of Court mailed a copy of this Minute Order to Plaintiff's address that same day.  To date, Plaintiff has not filed an opposition to Defendant's [7] Motion to Vacate Default.

## II. LEGAL STANDARD

"Default judgments are generally disfavored by courts, because entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F. Supp. 2d 22, 25 (D.D.C. 2003) (ESH).  Pursuant to Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Three factors typically guide a court's analysis under this good cause standard: whether "(1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980) (citations omitted).  Importantly, case law is clear that "[d]efault cannot be entered where there was insufficient service of process."  *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (RMC).  "On a motion for relief from the entry of a default or a default judgment, all doubts are resolved in favor of the party seeking relief."  *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).

## III. DISCUSSION

### A. Defendant's Motion as Conceded

According to Local Civil Rule 7(b), if a memorandum in opposition to a motion is not filed within the prescribed time as ordered by the Court, the Court may treat the motion as

conceded.  LCvR 7(b).  Here, the Court set three deadlines for Plaintiff to file a response to Defendant's [7] Motion to Vacate Default: January 3, 2024; March 8, 2024; and April 8, 2024. *See* Minute Order, Dec. 13, 2023; Minute Order, Feb. 23, 2024; Minute Order, Mar. 11, 2024. Plaintiff was sent a copy of these minute orders at his address of record, and Plaintiff filed a [11] Motion for Extension of Time to respond, in which he indicated that he was with symptoms of COVID-19, flu, and other respiratory infections and needed additional time to submit his response.  *See* Minute Order, Mar. 11, 2024.  However, to date, Plaintiff has not filed an opposition to Defendant's [7] Motion to Vacate Default and therefore, according to Local Civil Rule 7(b), the motion can be treated as conceded.

The Court now turns to the merits of Defendant's motion.

### B.  Defendant's Failure to Respond to Complaint was not Willful

The initial question before the Court is whether Defendant's failure to respond to the Complaint was willful.  "The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable."  *Int'l Painters*, 288 F. Supp. 2d at 26 (citing *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 634 (2d Cir. 1998)).  However, "[a] finding of bad faith is not a necessary predicate to the conclusion that a defendant acted 'willfully.'"  *Int'l Painters,* 288 F. Supp. 2d at 26.

Defendant Xtreme Solutions, Inc. argues that it was never served with the Summons nor Complaint in this matter and, therefore, its failure to respond was not willful.

Federal Rule of Civil Procedure 4(h) governs the rules of service here, as Defendant is a corporation.  *See* Fed. R. Civ. P. 4(h); Def.'s Mot. at 6.  Accordingly, Defendant would be properly served by Plaintiff either "delivering a copy of the summons and of the complaint to an

3

officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h)(1)(B), or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," *id.* 4(h)(1)(A); *id.* 4(e)(1).  In turn, District of Columbia state law indicates that serving a corporation may be accomplished by "mailing a copy of the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing to the person to be served by registered or certified mail, return receipt requested."  D.C. Sup. Ct. R. Civ. P. 4(c)(4); *see also id.* 4(c)(5) (authorizing service on corporation by first-class mail with notice on acknowledgment).  The Court finds that Plaintiff has not demonstrated that Defendant was ever served.

Plaintiff seems to proffer two dates for when service was effectuated: July 25, 2023, and September 26, 2023.

As for the first, Plaintiff allegedly served Defendant by certified mail with return receipt requested on July 25, 2023.  Plaintiff initially submitted a [2] filing titled Return of Service / Affidavit.  As Defendant now points out, the [2] filing did not include an affidavit, *see* Def.'s Mot. at 2, as is required by the Federal Rule of Civil Procedure, *see* Fed. R. Civ. P. 4(l)(1) ("Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."); *see also* D.C. Sup. Ct. R. Civ. P. 4(l)(1)(B) (listing additional requirements for

service by registered or certified mail, none of which are satisfied here).[1]

Plaintiff's [2] filing includes a USPS Tracking Intranet Delivery Signature and Address with a tracking number (70220410000203351125), *see* ECF No. 2 at 1, which, when inputted on the USPS website, shows that the package was delivered on July 25, 2023 and left with an individual at 3:06 pm. That USPS document also includes a scrawled, illegible signature.[2] *Id.* In his [2] filing, Plaintiff also includes a slip with his return address, *id.* at 2, and a return receipt that is blank except for Defendant's delivery address, *id.* at 3. On the return receipt, the section labeled "Complete This Section on Delivery" is void of a signature, recipient name, and date of delivery—in other words, it provides nothing that can confirm receipt. *Id.* It also includes a tracking number for return receipt (9590940281322349739186), *see* ECF No. 10 at 13; *see also* [10] Affidavit of Filing at 3, which, when inputted on the USPS website, shows that it has been "Moving Through Network" since July 25, 2023 at 10:30 pm but was never delivered. As Defendant puts it, "Plaintiff's return receipt document is unsigned and there is no indication of any particular person associated with Defendant who is identified by name and purportedly received service on July 25, 2023." Def.'s Mot. at 5.

Defendant asserts that they did not receive service of the Summons and Complaint on July 25, 2023. *See* Def.'s Mot. at 2. Defendant includes affidavits from four of the five employees that were present at the office location on that day, all of whom indicate that they

---

[1] "Failure to prove service does not affect the validity of service," and "[t]he court may permit proof of service to be amended." *Id.* 4(l)(3). However, despite numerous filings, *see* ECF Nos. 2, 5, 10, Plaintiff has never properly provided proof of service and, as the Court's analysis will conclude, it cannot be said that he validly served Defendant.

[2] As Defendant points out, their officers are located on the eleventh floor of a twenty-four story commercial building, and there are five other suites located on the eleventh floor. Def.'s Mot. Ex. A at 1.

were not served, nor was the scribbled signature on the USPS document their signature.[3]  *See* Def.'s Mot. Exs. A–D.

Without proof of return receipt nor proof that anyone at Xtreme Solutions, Inc. received the delivery on July 25, 2023, it cannot be said that Plaintiff served Defendant on July 25, 2023 in accordance with District of Columbia Superior Court Rules of Civil Procedure 4(c)(4)—or in accordance with any other rule.

As for Plaintiff's second proffered date of service, he claims that Defendant was personally served on September 26, 2023.  *See* Affidavit in Support of Default, ECF No. 5, at 1. Plaintiff submitted an affidavit in which he affirmed that Defendant was personally served on that date.  *See* [5] Affidavit for Default; *see also* [10] Affidavit for Default.  Plaintiff provides no additional information—e.g., who was personally served or whether that person was an agent authorized to receive service of process.

Additionally, as noted above, proof of service must be made to the court, and "proof must be by the *server's* affidavit."  Fed. R. Civ. P. 4(l)(1) (emphasis added).  Service must be made by someone who is *not* a party to the case.  *Id.* 4(c)(2).  Therefore, here, where Plaintiff's affidavit of service is signed by himself, who is a party to the case, if Plaintiff in fact personally served Defendant, service would not have been valid.[4]

Defendant contends that they did not receive service of the Summons and Complaint on September 26, 2023.  *See* Def.'s Mot. at 5.  The four employees' affidavits indicate that they

---

[3] The fifth employee was out of office around the time Defendant filed their Motion to Vacate Default and, therefore, Defendant could not obtain a declaration from her.  Def.'s Mot. Ex. A at 2.

[4] There are other deficiencies with Plaintiff's alleged service, for example, that he failed to confirm that the service materials provided to Defendant included both the Summons and Complaint, *see* Def.'s Mot. at 9.

were not personally served on that date.  *See* Def.'s Mot. Exs. A–D (all indicating they were not served on September 26, 2023).

The Court finds that Plaintiff did not properly serve Defendant on July 25, 2023 or September 26, 2023.  As Defendant argues, "[a]bsent proper service (or acknowledgment of waiver of service), Defendant was not obligated to respond to the Complaint," and therefore their failure to do so was not willful or intentional.  Def.'s Mot. at 6.  The Court agrees.

Courts have refused to find willfulness where service of process was not accomplished. *See, e.g.*, *Darby v. McDonald*, 307 F.R.D. 254, 257 (D.D.C. 2014) (RC) (finding no willfulness because the plaintiff failed to "rebut[] the allegation of improper service and [did] not provide[] proof of proper service"); *Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259 (D.D.C. 2011) (JEB) ("The default was not willful where Defendants, not having been served, had no duty to respond to the Complaint….").  Resolving all doubts in favor of Defendant Xtreme Solutions, Inc., the Court finds that Defendant's failure to respond to the Complaint was not willful.

More broadly, and as the Court articulated above, "[d]efault cannot be entered where there was insufficient service of process," as is the case here.  *Scott*, 598 F. Supp. 2d at 36; *see also Void-El*, 811 F. Supp. 2d at 259 ("Since no service was properly effected, [] the entry of default against Defendants was improper.").  The Court will nevertheless briefly address the remaining two factors to determine whether good cause exists to set aside the Clerk's entry of default.

### C.  Plaintiff Would Not Be Prejudiced by Setting Aside the Entry of Default

The second issue is whether Plaintiff would be prejudiced by setting aside the entry of default.  A plaintiff "is not prejudiced where [it] did not comply with the [applicable] Rules" for effecting proper service.  *Darby*, 307 F.R.D. at 257 (second alteration in original) (quoting *Void-*

*El*, 811 F. Supp. 2d at 259).  As service was not effectuated here, Plaintiff has incurred no cognizable prejudice.

Additionally, Plaintiff has failed to respond to Defendant's [7] Motion to Vacate Default, and therefore has conceded the motion and not presented any evidence of prejudice.  And as Defendant points out, any prejudice to Plaintiff caused by legal costs would be de minimis under Rule 55(c), nor is there any potential loss of evidence or increased discovery difficulties.  Def.'s Mot. at 9–10.

The Court finds the Plaintiff was not prejudiced by Defendant's failure to respond to the Complaint and will not be prejudiced by vacating the entry of default.

### D. Defendant Asserted a Meritorious Defense

Finally, the Court turns to whether Defendant has asserted a meritorious defense.  "In determining the existence of a meritorious defense, likelihood of success is not the measure." *Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc.*, 900 F. Supp. 507, 511 (D.D.C. 1995) (SSH).  Instead, "[a party's] allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven, would constitute a complete defense."  *Id.* (internal citations omitted).  "[E]ven broad and conclusory allegations meet the meritorious defense criterion for setting aside the default."  *Candido v. D.C.*, 242 F.R.D. 151, 157 (D.D.C. 2007) (RBW) (citing *Asia N. Am. Eastbound Rate Agreement*, 900 F. Supp. at 511).

Here, Defendant has submitted a [9] Motion to Dismiss arguing that Plaintiff's Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).  *See generally* Motion to Dismiss, ECF No. 9.  As these meet the meritorious defense standard, Defendant has therefore provided a sufficient basis on which to vacate the entry of default.

## IV. CONCLUSION

For the reasons set forth above, the Court finds good cause to vacate the entry of default issued against Defendant.  The Court **GRANTS** Defendant's [7] Motion to Vacate Default.

An appropriate Order accompanies this Memorandum Opinion.

/s/
_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
